Please proceed. Thank you, your honor. Can you hear me? Yes, I can. Thank you very much. May it please the court. The district court convicted KT Burgee of failing to register under SORNA, finding his prior state conviction triggered SORNA's residual clause. We're asking your honors to reverse for three reasons. First, even if the fact-based approach applies to the residual clause, the district court still erred by considering a host of accusatory investigative details about the prior guilty plea conviction, none of which Burgee admitted in a prior judicial record. So we're asking your honors to remand for acquittal or dismissal, or at the very least, to remand for the district court to consider dismissal and guilt without reference to the extra record evidence. Second, the residual clause is void for vagueness. Under either the fact-based approach or the categorical approach, it's void on its face and in its case. So the district court erred by failing to dismiss. Third, the district court also erred in the first instance by concluding that the categorical, I'm sorry, by concluding that the fact-based approach even applied. Instead, the categorical approach should apply to the residual clause. And if the categorical approach applies, the prior conviction was overbroad, a point the government does not contest. After all, the prior conviction, the statute, only prohibited permitting a minor to engage in a harmful activity, whereas the residual clause requires a sex offense. So the district court erred by- I thought you agreed or conceded that our panel is foreclosed by Hill on that argument. You're preserving it for the in-bank court, so why spend our time on that if I'm right? We have argued that the Supreme Court case of Davis and DeMeyer are intervening precedent, but we realize that this court is not likely to conclude that. So we have raised the argument to preserve it for the court's review. But the first argument that I would start with, if I could, is the fact-based approach. And in this case, the question for this court to answer is what this court meant in Hill when it said that judges could look to, quote, any reliable evidence to ascertain the factual nature of a prior conviction under the residual clause. And the correct answer to that question, the one urged by Berge is that in a guilty plea context, courts should look to the facts the defendant admits in a prior judicial record, as well as related statutes. On the other hand, the answer we think is wrong, the one reached by prior case was evidence and testimony that was never part of the prior judicial record and that the defendant never admitted to. Counsel, they're not retrying the case. It was a plea case, right? It was. So in sentencing in a plea case, you're saying that the only evidence that can be considered in sentencing is whatever comes out in the change of plea hearings and the plea agreement? Well, I mean, this is not a sentencing case. This was a trial conviction. And we're appealing also the ruling on the motion to dismiss. And our point is that the government was allowed to relitigate the prior offense with evidence that was never part of the prior record and that the defendant never admitted to. And the difference between these two approaches is very important here because if we only look to the documents that Berge says should have been considered, then he had a reasonable chance of success below. Can I ask counsel for clarification? Are you talking about applying Shepard? No, your honor. It's a similar analysis to Shepard, but Shepard analysis just looks to a limited set of documents to determine only elements. And we are arguing for under the fact-based approach, the court can determine group facts, and it's not limited to only Shepard documents. For example, they could look to an admission at a sentencing hearing in the prior record, or if a prior offense is a federal offense, they could look to unobjected... You can look to that under Shepard. Okay. I apologize, your honor. But the main difference here is that we want to focus on what the defendant admitted in a prior offense, and it's different from Shepard analysis. Didn't Hill reject that? Hill did reject strict Shepard analysis. It said... That's essentially what you're arguing for. It's not precisely what we're arguing for. What we're arguing for is for simply the court to look to the facts, which is unlike Shepard, that the defendant admitted in the prior record. And we think that... That's exactly what Shepard says. ...our fact-based approach argument in a sense. Yes? That's precisely what Shepard says. Facts admitted in the guilty plea. Well, it says that the court looks to elements admitted in the guilty plea, and we're arguing for facts admitted in the guilty plea. And we think that Hill supports our argument in this regard because it did look to the record of conviction. It looked to the relevant statutes to determine that the defendant in that case was a sex offender under SORNA, which is much more circumscribed than the approach the district court took here, which was allowing not just a mini trial with new evidence to determine the nature of the prior, but an entire trial. And we also think that the case law from the other circuits that also address the residual clause, price, dodge, buy-in, and daily, they also support our argument because they also look to just facts the defendant admitted in a prior judicial record, such as at plea hearings and plea colloquies and factual bases. So we think that those cases support our argument as well. Mr. Dean? Yes? Mr. Dean, this is Judd Smith. What evidence was introduced that you contend was unreliable, that wouldn't meet the test of being reliable evidence? We would contend that essentially any evidence beyond the facts that he admitted... What specific evidence in this case are you saying was not reliable? For example, the forensic interview of the victim, the testimony of the forensic scientist who did the DNA testing, the testimony of the nurse examiner who examined the alleged victim, those were the most prejudicial evidence because they alleged that Berge raped the victim. So considering that evidence, Berge had no chance of success. And the reason that that evidence is unreliable is because that did not form the basis for his actual conviction. He did not admit to raping the minor victim. So that's why it's unreliable under the fact-based approach. That may be a basis for challenging it, but that doesn't mean it's not evidence that in and of itself could be reliable. So I'm just puzzled a little bit by your approach by not showing us why there's unfairness in the consideration of this evidence on the basis of the qualities of the evidence itself. I see what you're saying. And one example would be that the forensic, the actual evidence, the DNA evidence had been destroyed. So that inhibited Berge's ability to confront the witnesses and evidence against him. Well, that to me is a lot better argument than what you've been making. Well, I apologize for that, but I would make that argument. And I would also point to the text of the statute, SORNA, requires someone to register if they are a sex offender, and they are a sex offender if they have been convicted of a qualifying sex offense. It does not say that SORNA is triggered if they have been merely accused of or charged of a qualifying offense. So we think that the text of the statute supports our argument. And we also think that constitutional and policy considerations support our argument, especially the Fifth Amendment requirement of fair notice. And I would just offer an illustration here. If we take a snapshot in time of the time period that in the indictment, the federal indictment when Berge was alleged to have failed to register. Judge Loken, fair notice of when and of what? Right. What I'm talking about is fair notice that Berge was a sex offender subject to federal registration at the time that he failed to register, charged in the indictment. If he had pulled out SORNA and read it, he would not have been able to know that he was a sex offender because the district court employed a version of the fact-based approach that was unprecedented under the residual clause. So he did not know that the district court would find that he was a sex offender by essentially allowing the government to retry the case. It was a novel reading of the statute that expanded its criminal scope. So in that sense, the district court's reading of the statute deprived Berge of fair notice. And that also is relevant to the vagueness argument. And we think that our argument is also consistent with judicial economy because there was no need to have this entire trial to re-litigate the prior offense. This case could have been And I'd like to also turn to the void for vagueness argument. And a point I would like to stress here is that under any fact-based approach, the residual clause was void for vagueness. Again, I would offer the yes. Counsel, you can't do a facial attack in this situation. You can't prevail on this argument in a criminal case unless it was void for vagueness as applied to him. Right. The Supreme Court case law is clear on that, and yet you argue otherwise. No, we argued that the statute was void for vagueness as applied in this case and facially. So we have argued both of those. And we think that the statute... Why do you argue facial? All your articulation is facial. I agree. There's about one sentence in your brief which says, oh, and it was void vagueness applied to him too. But you never develop that. So I read your brief as void for vagueness facially. And the government points out that that's not cognizable in this context. Well, I think that we did argue it was void for vagueness as applied. And the reason in part is, again, because of the lack of due process notice. If we take a snapshot of the time frame when KT Berge was alleged to have failed to register any indictment and he got the SORNA statute out and he read it, he would not have been able to determine that he was a sex offender under SORNA because that determination was a factual determination to be made post-indictment. And also, even if we assume that the district court in the future... Counsel, didn't he know what he did? Well, he did not know... If the South Dakota statute was overbroad in this sense, in that some violations would not be SORNA offenses, he knew what he did. And what he did as developed in this proceeding was clearly a sex offense harmful to minors. I don't understand how it can be void as applied. Right. What I would say is that there's a difference between if we assume the evidence in the file is accurate, what he knew he did, and then what he could have reasonably anticipated the district court in the later proceeding to find. Even if we assume that the district court would have only considered the judgment and the charging instrument and the statute and the factual basis, all Berge admitted to was permitting a minor to engage in harmful activity. And that's back to your shepherd argument. I thought we were talking void for vagueness now. Right. The reason that I bring that up is because it shows that the statute is void for vagueness as applied to him because he did not engage in conduct that was clearly prohibited by SORNA when he absconded from his state supervision. And I would reserve the remainder of my time for rebuttal, if I may. All right. Thank you, Mr. Dean. Thank you. Mr. Coloner. Thank you, your honor. Are you able to hear me? Yes. Thank you. May it please the court and my colleague, Mr. Dean, I'm Kevin Coloner from the district court. The government is asking for the conviction in this case to be affirmed. The central questions before the court in this appeal have been resolved by this court and other circuits all in unison. This court in Hill found that the text and structure of the relevant SORNA subsections are unambiguous and district courts are allowed to do just what the district court did here when discerning whether a defendant's prior state conviction is a specified offense against a minor. Courts are not confined to the categorical approach or to the modified categorical approach. And as this court explained in depth in Hill, that is what the statute plainly directs. That means courts are allowed to review reliable evidence to discern whether defendants' prior conviction involved a SORNA covered sex offense. This is Judge Smith. What's your view of the circumference of reliable evidence in terms of the kinds of things that can be considered? Judge Smith, the district courts are well versed in making reliability determinations guided and restrained by the rules of evidence. That's the government's view of what applies here. Those evidentiary rules regarding general admissibility, foundation, witness competence, hearsay, authenticity, those are all rules of evidence that govern reliability. They provide appropriate boundaries. Those are rules that were applied here. The government called live witnesses. Those witnesses were subjected to cross-examination. And critically, on this issue of the forensic interview found on DVD, exhibit number two in the trial, Berge stipulated on the record that he was waiving hearsay and foundation objections to that forensic interview. In other words, that's a critical point. He contested the evidence based on relevance because he thought none of this evidence should be allowed. But he waived those objections as to the reliability of that evidence. He waived foundation and he waived hearsay objections. So our position is that he should not now be able to argue that that was unreliable because that was an issue that was waived in order to protect the minor victim from having to testify. The evidence that was presented in this case, the witnesses, the exhibits, was just the sort of evidence that would be presented if the underlying case were to have been tried before the district court. There were objections largely based on relevance. But I think it's telling that on this, in this appeal, there really is no, and it goes to the question you asked earlier, Judge Smith, it goes to there are no real objections based on the reliability of any particular piece of evidence. What I think Mr. Berge is arguing is, again, what was decided in Hill. He wants none of that evidence to be reviewed because he believes a categorical approach should be applied. And that has been rejected. So our view on the constraints of this liability are simply the constraints that are provided in the rules of evidence that district courts apply all the time. Counsel, if this had been tried to a jury, what would Apprendi, in your view, require the jury to determine? Our view is that it is a fact question for the fact finder to decide whether or not a defendant is a sex offender under SORNA. So our view is that a jury under Apprendi, in order to comply with the Sixth Amendment, would have to make the finding that the court did here, acting as fact finder, that in fact, parsing through the SORNA statute that in this case, subsection 7i applies to this defendant. So we are not arguing that it's a purely legal question that only courts are to determine. Would the jury only parse out the SORNA question? Any conduct by its nature is a sex offense against a minor? Or would it also have to determine what the opposing counsel says is the over breadth of the South Dakota statute? Well, and that gets into whether the categorical or the circumstance specific approach applies. And our view is that they would be determining it under SORNA, not collaterally attacking the prior conviction in South Dakota. And by the way, the Price case, I think, is instructive on this, just because it came to the circuit court in kind of a similar, with a similar record in that the underlying offense was not by its nature necessarily a sex offense. It was an assault and battery of a high and circumstance specific approach to discern those underlying facts. Now, I think it's also important to note that a number of these cases, this case included, Hill included, were Alford pleas. So why is that important? Well, it's important because what a defendant then is required to admit on the record in the state case is essentially nothing, right? It's a no contest plea. That's what we had here, and that's what I believe, well, that's what that happened in Hill as well. It doesn't say that in the Hill opinion, but I listened to the oral arguments in Hill, and that was discussed, that that too was an Alford plea. I point that out simply because that, I think, further reflects the need for a circumstance specific approach because if you're only allowed to look at what's admitted as part of the plea colloquy, you're not going to find much in those cases. I would now turn to the constitutional vagueness argument. In part, this argument was also rejected by this court in Hill because the court found that the statute itself is not vague. Here's the quote. We agree with the Fourth Circuit that Chevron deference is inappropriate in these circumstances because the statutory provisions at issue are unambiguous regarding the proper method of analysis. It begs the question, if a statute is unambiguous, how could it also be unconstitutionally vague? Judge Loken, as you pointed out, the law is clear that the challenge has to be an as applied challenge to be cognizable in a criminal setting like this one. This defendant knew full well that he had a registration requirement. He registered 11 separate times before he was charged with this offense. He, in fact, was convicted in state court for failing to register on one prior occasion. His initial suspended sentence was revoked and he spent two years in prison because he failed to register under the South Dakota registry system. So there was really no question that he knew that sex offender registration was at issue in his case. We firmly believe that the issues that are presented in this appeal have been decided by this court and by all other courts that have looked at it in unison. I really have nothing further that I want to add for the court, but if there are any questions, I have a fair amount of time left on the clock. I don't see any questions. Thank you, Mr. Collier. Mr. Dean, your rebuttal. Thank you, your honor. I'd start with the vagueness argument again, and I would note that the Hill court did not hold that the residual clause was not void for vagueness. It just held that it was unambiguous in compelling the fact-based approach. It was only unambiguous with respect to the statutory manner of analysis. It did not ever reach a void for vagueness issue. As far as the government's as-applied argument, we agree Berkey knew that he was required to at the time of the indicted conduct, he did not know he was a sex offender under SORNA. That's our argument. We're not arguing he didn't know that he was a sex offender under state law. Again, I'd like to just illustrate with, if you take a snapshot in time of when Berkey is alleged to have failed to register, then he could not have known that he was a sex offender because that was a post-indictment factual determination. For that reason and the others we've argued, we would ask the court to reverse. Thank you. Thank you, Mr. Dean. Thank you also, Mr. Coloner. We appreciate both counsel's presence in our virtual forum this morning and the arguments you've provided to us. We have read your briefing and will continue to study the matter and render decision in due course. Thank you both.